Argued January 5, reversed and remanded January 29, 1965

## MOE *v.* JOLLY JOAN ET AL
### 399 P. 2d 25

*Philip A. Levin,* Portland, argued the cause for appellant. On the brief were Pozzi, Levin & Wilson, Portland.

*James F. Spiekerman,* Portland, argued the cause for respondents. On the brief were Milton C. Lankton, Gordon Moore, and Donald W. McEwen, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This is an action for damages for personal injuries against Jolly Joan, a corporation, and Theron R. Howser, Jr., defendants. Plaintiff charged defendants with responsibility in three counts, one for negligence, one for wanton conduct, and one for assault and battery. At the conclusion of plaintiff's case in chief the court granted an involuntary nonsuit as to the defendant Jolly Joan. The case then continued against the defendant Howser on the charge of assault and battery only, resulting in a $10,000 verdict. The plaintiff has appealed from the judgment of nonsuit as to Jolly Joan.

The following would seem to be a fair statement of the factual situation most favorable to plaintiff as disclosed by plaintiff's proof.

The corporate defendant, Jolly Joan, operated a drinking emporium where alcoholic liquors were dispensed. Its acting manager was the defendant Howser. Plaintiff and his friend Humphries had gone to the establishment as customers and while there had decided that they were not as friendly as they supposed.

An altercation ensued between them, apparently concerning the relative merits of football and golf, during which some pithy and inclement language was used. At this time the bartender unsuccessfully attempted to quiet them. An invitation to fisticuffs was extended by Humphries to plaintiff and the two of them repaired to the vestibule alongside the hat-check stand at the head of some stairs, Humphries discarding his coat on the way. There additional discourteous language was used and certain activities took place variously described as "pawing," "pulling," and "scuffling" to the great excitement of the hat-check girl. During this period the bartender again told them to be quiet. After the elapse of some four to seven minutes of time the defendant Howser appeared, announcing, "There will be no fighting in here," and proceeded either to "push" or "heave" plaintiff down the stairs, causing his injuries.

The issue is whether there was sufficient evidence to go to the jury on the question of whether defendant Howser was acting within the course and scope of his employment when plaintiff was injured. This depends on whether the jury could properly infer that Howser was acting within the scope of his employment from (1) Howser's position as acting manager, (2) the disturbance created by plaintiff and his friend, and (3) Howser's intervention in that disturbance. We believe that the jury could have done so and that it was error to grant the nonsuit.

■ Howser was the manager; it is the manager's duty to maintain a decent degree of order. There was ample evidence that plaintiff and his friend had created a situation from which a manager could conclude that a restoration of order was required. When, under

these circumstances, the manager bodily ejects a customer, we believe the jury may infer he was doing so in the course of his employment. If the jury so infers, it then is a jury question as to whether in so doing he used an excessive and unreasonable degree of force. Plaintiff made a prima facie case.

■ Plaintiff urges that because a verdict was entered against Howser the cause should be remanded for entry of judgment against both defendants in accordance with the jury's verdict. Plaintiff cites no authority for such a proposition, and we know of none which allows entry of judgment under such circumstances against an individual who is not a party to the case at the time the judgment is returned.

The case is reversed and remanded for trial as to the defendant Jolly Joan.